**UNITED STATES v. BOARD OF COM'RS OF McINTOSH COUNTY, OKL., et al.**

Civil Action No. 1297.

District Court, E. D. Oklahoma.

June 13, 1945.

Cleon A. Summers, U. S. Atty., and Francis Stewart, Asst. U. S. Atty., both of Muskogee, Okl., for the United States.

Hazen Green, Co. Atty., of Eufaula, Okl., and James Bounds, Asst. Atty. Gen., of Oklahoma, for defendants.

BROADDUS, District Judge.

At the hearing of this case June 13, 1945, at Muskogee, Oklahoma, pursuant to assignment, all parties appear by counsel and submit to the Court a stipulation as to the

672

facts and questions involved in each of the five causes of action. By leave of Court the stipulation is filed, and the cause is submitted on the record and the stipulation; whereupon, the Court being advised, finds and concludes as follows:

### Jurisdiction

■ From the record and the stipulation it appears that this is a civil action brought by the United States, therefore the Court has jurisdiction thereof, and of each cause, under the provisions of Sec. 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1).

### Findings of Fact

There are no facts to be found other than those contained in the stipulation and record. Accordingly, the stipulation filed by the parties presents all essential facts, and the statements therein contained are adopted as the Findings of Fact herein.[a]

### Conclusions of Law
### First Cause of Action

■ 1. The land involved in this cause of action is still exempt from taxation, since the allottee is a three-fourths blood Creek Indian and the land comprises her allotment which she certified and designated to be exempt under the provisions of Sec. 4 of the Act of May 10, 1928.[1]

2. The tax assessments against said land are void.

### Second Cause of Action

■ 1. The land involved in this cause of action is exempt from taxation since the owner thereof is a fullblood Indian who inherited, in 1936, the entire interest in said land which had been designated as tax exempt by her fullblood ancestor who was the allottee; and such land is tax-exempt, notwithstanding the fact that the heir is the owner also of 160 acres of land allotted to her, which she has designated to be tax-exempt.[2]

2. The tax assessments against this land are void.

### Third Cause of Action

■ 1. The land involved in this cause of action was purchased with his restricted funds prior to June 20, 1936, for a

[a] Sufficient statements of conclusive facts will appear in the Conclusions of Law where necessary to make clear the points of law specifically decided, and their applicability.

[1] Tax immunity was granted this Indian by Sec. 1 of the Act of May 27, 1908, 35 Stat. 312, until April 26, 1931; thereafter the tax immunity, until April 26, 1956, is conferred by the proviso of Sec. 4 of the Act of May 10, 1928, 45 Stat. 495: "That the Indian owner of restricted land, if an adult and not legally incompetent, shall select from his restricted land a tract or tracts, not exceeding in the aggregate one hundred and sixty acres, to remain exempt from taxation and shall file with the superintendent for the Five Civilized Tribes a certificate designating and describing the tract or tracts so selected."

[2] The allotments of the ancestor and heir (here mother and daughter respectively) on account of their blood were tax-exempt under Sec. 1 of the Act of May 27, 1908 until April 26, 1931, and thereafter under Sec. 4 of the Act of May 10, 1928, by virtue of the respective designations made. Sec. 1 of the Act of January 27, 1933, 47 Stat. 777, governs the inherited land since the death of the mother occurred in 1936. The Proviso of that section declares:

"That where the entire interest in any tract of restricted and tax-exempt land belonging to members of the Five Civilized Tribes is acquired by inheritance, devise, gift, or purchase, with restricted funds, by or for restricted Indians, such lands shall remain restricted and tax-exempt during the life of and as long as held by such restricted Indians, but not longer than April 26, 1956, unless the restrictions are removed in the meantime in the manner provided by law." Byars v. Samuel, D.C.E.D.Okl. Civil No. 887, Conclusions p. 2, 1942; Ledbetter v. Faure, D.C.E.D.Okl. No. 4672-Eq., Conc. of Law, p. 11, 1939.

"The contention of the plaintiff that, under the Act of May 10, 1928, 45 Stat. 495, the amount of restricted and tax-exempt lands permitted to any Indian is limited to one hundred sixty acres is rejected. The Act of 1928 dealt with tax exempt land to be selected by the Indian. The Act of 1933 dealt specifically with inherited lands that had theretofore been designated as tax-exempt and specifically provides that when such lands are inherited lands by restricted Indians the same shall continue restricted and tax-exempt with the provision that 'such restricted and tax-exempt land held by anyone *acquired as herein provided* (emphasis supplied) shall not exceed one hundred sixty acres.' Construing the two Acts together, it is my opinion, that Congress intended that the Indian coming within the provisions of the Act of 1933 should be permitted at

fullblood Indian and was selected as a homestead under the provisions of the Act of May 19, 1937, 50 Stat. 188, 25 U.S.C.A. § 412a; therefore it became non-taxable in 1937[3] and has remained non-taxable,[4] notwithstanding the fact that the owner thereof owns 160 acres of other land which was selected and certified as tax-exempt for him under the provisions of the Act of May 10, 1928, and notwithstanding the further fact that the Indian also owns, in addition, a one-fourth interest in 160 acres of land inherited by him from a restricted Indian ancestor who had designated that land as tax-exempt in her lifetime and had died in 1941.[5]

2. The tax assessments against this land for 1937 and subsequent years are void.

## Fourth Cause of Action

■ 1. The land involved in this cause of action is tax-exempt since it was purchased for a fullblood Indian with her restricted funds and was selected as a homestead in accordance with the Act of May 19, 1937; and it remains tax-exempt, notwithstanding the fact that the fullblood Indian owner still owns her allotment in the Creek Nation and her allotted lands have never been assessed for taxation and are not taxable.[6]

least one hundred sixty acres restricted and tax-exempt lands acquired under this law in addition to the one hundred sixty acres designated by him as tax-exempt under the provisions of the Act of 1928." Byars v. Samuel, per Rice, Judge.

[3] The tract was tax-exempt for the year 1937, under the Act of June 20, 1936, Sec. 2, 49 Stat. 1542. Muskogee County v. United States, 10 Cir., 1943, 133 F.2d 61.

[4] It has remained non-taxable by virtue of its selection as a homestead. Board of Commissioners v. Seber, 318 U.S. 705, 63 S.Ct. 920, 923, 87 L.Ed. 1094: "We hold that the 1936 Act extended tax immunity to all three tracts for the year 1937, that thereafter the 1937 Act exempted the designated homestead lands." These Acts are set out in the margin of the Seber case, 318 U.S. at page 707, 63 S.Ct. at page 922, 87 L.Ed. 1094, as follows:

Sec. 2 of the Act of June 20, 1936, 49 Stat. 1542 provides:

"All lands the title to which is now held by an Indian subject to restrictions against alienation or encumbrance except with the consent or approval of the Secretary of the Interior, heretofore purchased out of trust or restricted funds of said Indian, are hereby declared to be instrumentalities of the Federal Government and shall be nontaxable until otherwise directed by Congress."

The 1937 Act amended § 2 of the 1936 Act, 25 U.S.C.A. § 412a to read as follows:

"All homesteads, heretofore purchased out of the trust or restricted funds of individual Indians, are hereby declared to be instrumentalities of the Federal Government and shall be non-taxable until otherwise directed by Congress: Provided, That the title to such homesteads shall be held subject to restrictions against alienation or encumbrance except with the approval of the Secretary of the Interior: And provided further, That the Indian owner or owners shall select, with the approval of the Secretary of the Interior, either the agricultural and grazing lands, not exceeding a total of one hundred and sixty acres, or the village, town, or city property, not exceeding in cost $5,000, to be designated as a homestead."

[5] See holdings under the First and Second Causes of Action for the tax-exemption as to the two latter tracts referred to herein. Three of the statutes here involved, the 1928, 1933 and 1937 Acts, each contain provisions limiting the quantity of land which may be held in a tax-immune status under the respective Acts. The 1936 Act contains no limitation upon the quantity of purchased land which may be held tax-immune. The provisions contained in the statute limiting the amount of tax-exempt land are confined to the land acquired under the respective statutes and do not constitute limitations upon the quantity of tax-exempt land which may be held or acquired under any of the other statutes. Byars v. Samuel, supra, holds an Indian may own 160 acres tax-exempt under the 1928 Act, and 160 acres more tax-exempt land under the provisions of Sec. 1 of the Act of January 27, 1933. The Supreme Court and the Tenth Circuit Court of Appeals have decided that land purchased with restricted funds under the 1936 and 1937 Acts is tax-exempt despite the fact that the Indian for whom it was purchased already owned tax-exempt allotted land. Board of Commissioners v. Seber, supra; Osage County v. United States, 10 Cir., 145 F.2d 1022. In view of the decision cited, there would seem to be no basis for holding that an Indian may not own as tax-exempt 160 acres of allotted land, 160 acres of land inherited under the 1933 Act, together with 160 acres of land purchased under the 1936–1937 Act.

[6] This conclusion follows as a corollary to the holdings in the three preceding situations under the Seber, Muskogee and Osage County cases.

2. The tax assessments against this land for 1937 and subsequent years are void.

### Fifth Cause of Action

■ 1. The land involved in this cause of action is tax-exempt since it was purchased for a fullblood Indian with his restricted funds, and was designated as a homestead under the provisions of the Act of May 19, 1937; and this tax-exemption remains notwithstanding the fact that this Indian also owns land which is also immune from taxation because inherited under the conditions provided in the Act of January 27, 1933.[7]

2. The assessments against this land for 1937 and subsequent years are void.

■ It follows that the complainant is entitled to a decree cancelling any tax assessments made contrary to the holdings hereinabove made and prohibiting the assessment and levy of taxes on any of the lands involved during the continuation of the present status of any such land.

The United States Attorney will prepare and submit appropriate form of judgment.

[7] In the absence of any limitation on the amount of land which may be held as tax-exempt under any of the other statutes, the tax-exemption provisions of both the 1936–37 and the 1933 Acts are in force. See the Seber case and the Muskogee county case, supra.